CATARINA PIERRI, PLAINTIFF-RESPONDENT, v. LOUISE FAURE, ADELINE FAURE ZAUN AND HUGO FAURE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 14, 1951—Decided June 13, 1951.

Before Judges McGeehan, Jayne and Wm. J. Brennan, Jr.

*Mr. John M. DeYoe* argued the cause for defendants-appellants (*Messrs. J. W. & E. A. DeYoe,* attorneys).

*Mr. Archibald Kreiger* argued the cause for plaintiff-respondent (*Mr. Andrew Mainardi,* attorney).

The opinion of the court was delivered by

McGeehan, S. J. A. D. The defendants appeal from a judgment in favor of the plaintiff entered in the Passaic County Court after jury verdict.

The action was brought by the plaintiff to recover for personal injuries sustained when she slipped and fell on ice which had formed on the cement sidewalk adjoining the premises owned by the defendants. The complaint charged that "the defendants improperly allowed the drains or leaders on said building designated to carry off rain and melted snow and ice from the roof of said premises to become broken and in disrepair, and the defendants also changed the normal

course of the flow of said water from the roof so that as a result thereof the same was discharged on the sidewalk, there to be congealed into ice resulting in the maintenance by the said defendants of a public and private nuisance" and, further, that "The defendants should have known of the existence of said nuisance by the exercising of reasonable diligence."

. The defendants moved for dismissal at the end of plaintiff's case and moved for judgment at the end of the entire case. They argue that the trial court erred in denying their motion for judgment. *Cf. Parrette v. Citizens Casualty Co. of N. Y.,* 5 *N. J. Super.* 258 (*App. Div.* 1949).

The proofs were that the defendants owned the premises involved; namely, a corner property in Paterson, upon which there is a multiple-family-dwelling and business building. The building fronts on Main Street and the side of the building faces Bloomfield Avenue. A cement sidewalk runs parallel to the side of the building and about midway between it and the curb of Bloomfield Avenue. Between the curb and the cement sidewalk there is a dirt area and between the cement sidewalk and the side of the building, a distance of about a yard, there is also a dirt area, except that directly in front of each of the two sunken cellar windows on the side of the building there is a metal grating surrounded by slate slabs. These slate slabs appear to be several inches above the level of the cement sidewalk and to extend outward about two-thirds of the distance from the side of the building to the sidewalk. A down leader from the gutters on the roof was attached to the back of the building, several inches in from the side, with an elbow at the bottom which curved toward Bloomfield Avenue. The end of the elbow extended about one and one-half inches beyond the side of the building toward the sidewalk and was about eight inches above the level of dirt area. At the rear of the building, and leading from the cement sidewalk to the rear yard, was an in-walk paved first with four tiers of bricks and then with slate slabs.

At about 9 A. M. on February 26, 1950, the plaintiff was walking along Bloomfield Avenue toward Main Street, on the cement sidewalk adjoining the side of defendants' premises, when she slipped and fell on ice which had accumulated thereon. There was testimony that rain water had run down the leader and come out through the open end of the elbow and thereafter percolated upon the cement sidewalk, where it froze and formed into the ice upon which the plaintiff slipped.

The general rule is that an abutting owner who collects the natural drainage of water from the roof of his building and discharges it upon the sidewalk through a pipe or other orifice is not liable to a pedestrian who, after this water had frozen upon the sidewalk, slips upon the ice so formed. *Zwickl v. Broadway Theatre Co.*, 103 *N. J. L.* 604 (*E. & A.* 1927); *Jessup v. Bamford Bros. Co.*, 66 *N. J. L.* 641 (*E. & A.* 1901). The exceptions to this general rule are set forth in *Saco v. Hall*, 1 *N. J.* 377 (1949).

At the oral argument counsel for the plaintiff conceded that no question of any defective installation in or under the sidewalk is involved. The entire argument dealt with the admitted fact that the end of the elbow of the leader extended about one and one-half inches beyond the side of the building and was above the ground. Counsel for both parties argued this appeal on the premise that a jury question was presented under *Saco v. Hall*, above, if there was evidence from which the jury could legitimately find that the elbow of the leader invaded and encroached upon the public easement or sidewalk.

Defendants argue that there was no such evidence. No part of the elbow was over or above the cement sidewalk. There was no evidence as to the limits of any public easement as established or defined by law or ordinance. *Cf. Saco v. Hall*, above. Plaintiff relies, first, on the definition of "sidewalk" found in *R. S.* 39:1–1: "that portion of a street between the curb lines and the adjacent property lines." By the provisions of *R. S.* 39:1–1, this definition is made applic-

able only to "sidewalk" as it appears in Subtitle 1 of the Motor Vehicle and Traffic Laws, and then only if no other meaning is clearly apparent from the language or context and if not inconsistent with the manifest intention of the Legislature. Even if it did apply, it would not aid the plaintiff because there was no evidence as to any "adjacent property lines." Next, the plaintiff argues that the public easement extends to the building line and the jury could legitimately infer that the defendants' building was built on the building line. There was no evidence as to any building line. The plaintiff has pointed out no evidence, other than that the building was erected on the property, to support an inference that the defendants' building was built on the building line. Manifestly, such evidence standing alone can supply no basis for such an inference.

Here, there is an absence of any evidence to indicate that the installation was within the limits of the public easement, as established or defined by law or ordinance, and an absence of any evidence to indicate that the owner had impliedly extended the public use by invitation up to the line of the building proper. *Cf. Saco v. Hall,* above. Therefore, the defendants' motion for judgment should have been granted.

Reversed.